# Lincoln, et al. v. Security Bank, Incorporated.

(Decided June 11, 1926.)

(Modified November 19, 1926.)

## Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Execution—Motion to Quash Execution Held Properly Overruled, as Premature, in Absence of Showing of Levy by Plaintiff.—Where plaintiff recovered personal judgment in action on notes and to have mortgage adjudged void as preference, motion to quash execution thereon was properly overruled as premature, in absence of record showing that plaintiff had or intended to levy on property described in petition on which it had lis pendens, raising equitable issues which had never been settled.

WALTER P. LINCOLN for appellant.

A. M. MARRET for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellee, whom we shall call the plaintiff, recovered a personal judgment for something over $5,000.00 against the appellant, whom we shall call the defendant, and execution was issued on that judgment. The defendant moved to quash the execution. His motion was overruled, and he has appealed.

In the first three paragraphs of its petition, the plaintiff set up three notes which it held against the defendant. In the fourth paragraph of its petition, it alleged that the defendant had executed a mortgage to one Greenbaum which it alleged was fraudulent and preferential. It described in this paragraph, certain property of the defendant, a portion of which was covered by a mortgage to Greenbaum, and a portion of which was covered by mortgages to other creditors who were made parties to this suit. It prayed personal judgment against the defendant upon the three notes pleaded in the first three paragraphs, and asked that this mortgage to Greenbaum be adjudged void, fraudulent and preferential, and the real estate be subjected to the pro rata payment of defendant's creditors. The defendant, Greenbaum, has never been brought before the court, but after the other parties had been duly summoned the requisite length of time, the plaintiff moved for personal judgment on its

three notes, and was given such, that judgment aggregat-ing something over $5,000.00. An execution was issued upon that judgment, and as soon as the defendant heard of that, he made a motion to quash it. That motion was overruled, and in this appeal, he insists that the court erroneously overruled his motion to quash, because by virtue of this proceeding, to use his language, "the plaintiff has a *lis pendens* on the property described in the petition;" that the equitable issues made between the plaintiff upon that *lis pendens* and the other lien holders upon this property has never been settled; and that inasmuch as the court has custody of this property under this proceeding, the matter should not be complicated by the levy of this execution upon it; but there is nothing in this record to show that the execution has been levied upon Lincoln's property or that it is proposed to levy this execution upon his property and the motion to quash it was premature.

The judgment is affirmed.